**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| NORMA RUIZ aka NORMA FONTAIN,<br>Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **CIVIL ACTION**<br>**NO. 12-cv-40069-TSH** |
| THE PRINCIPAL FINANCIAL GROUP d/b/a<br>PRINCIPAL LIFE INSURANCE COMPANY<br>RICHARD VAN LIEW, MICHAEL BENBENK,<br>DICK MULLEN AND DOES 1 THROUGH 10,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) | |
| _____ | ) | |

**ORDER**
**September 17, 2013**

Hennessy, M.J.

Pursuant to 28 U.S.C. § 636(b)(1)(B), and an Order of Referral to me (Docket #27), I

make the following interim order.

This matter is before the Court on cross-motions stemming from the parties' discovery

disputes. Defendants moved to compel and to strike (Docket #18) and in response, Plaintiff

moved for protective orders and to conduct a hearing on her motion for protective orders *in*

*camera* (Docket #23). After briefing from the parties and a hearing held on September 16, 2013,

it is ORDERED as follows:

1. As to that part of the Plaintiff's motion for a protective order in connection with her
deposition (Docket #23), it is allowed in part and denied in part. Plaintiff shall be deposed in
Worcester on October 9 at 1:00 p.m. or October 16 at 1:00 p.m at a location designated by the
Defendants. If the deposition is not completed in one day, it shall be completed the following
day either in Boston or in Worcester at a location designated by the Defendants. If in Worcester,
Plaintiff shall compensate Defendants' counsel for the time required for her to travel to and from
Worcester and her office.

2.  Regarding the Plaintiff's responses to the Defendants' request for documents, it is further ORDERED that on or before September 30, 2013, Plaintiff shall serve an amended response to the defendants' request for the production of documents and supplement her document production as warranted.  With respect to all of the Defendants' requests, Plaintiff shall respond either (1) that she has no responsive documents in her possession, custody or control; (2) that to the extent she has a responsive document in her possession, custody and control it is being produced to Defendants with the amended September 30 response, or was already previously produced; or, (3) to the extent Plaintiff withholds a responsive document pursuant to Fed. R. Civ. P. 45(d)(2)(A), Plaintiff shall describe with sufficient particularity the document and state the basis for withholding the same to enable the Court and the parties to identify the document and evaluate the propriety of the basis for withholding the document.  As to specific requests, the Court also ORDERS as follows:

A.  Defendants' motion to strike narratives in Plaintiff's responses to defendants' request for documents is allowed.  On or before September 30, 2013, Plaintiff shall serve an amended response that strikes any portion of her response that does not interpose an objection or expressly address a request.

B.  As to Requests 52 and 53 seeking financial and tax documents, pursuant to the agreement of the parties, Defendants have narrowed the period covered by the request so that they seek documents from 2005 to the present.  To the extent Plaintiff does not have in her possession, custody or control, responsive tax documents, Plaintiff shall execute an authorization to the IRS for the release of responsive documents to the Defendants.  All personal identifiers including dates of birth, social security numbers, names of minor children and the like shall be redacted in accordance with the agreement of the parties.

D.  As to Request 58 seeking medical records, pursuant to the agreement of the parties, Defendants have narrowed the period covered by the request so that they seek documents from 2007 to the present.  All personal identifiers including dates of birth, social security numbers, names of minor children and the like shall be redacted in accordance with the agreement of the parties.

3.  Regarding the Plaintiff's Answers to the First Set of Interrogatories, it is further ORDERED as follows:

A.  As to Interrogatory 1, on or before September 30, 2013, Plaintiff shall: (i) supplement her prior response by providing the contact information for each witness to be called at the trial of this matter or, lacking complete information, state that she lacks such complete information; and (2) provide a responsive summary of the anticipated testimony of each witness.

B.  As to Interrogatory 6, on or before September 30, 2013, Plaintiff shall describe the behavior/action which she characterizes in her complaint as "unlawful discrimination," "harassment," and/or "retaliation."

C.  As to Interrogatory 9, on or before September 30, 2013, Plaintiff shall (i) provide complete name and address information for all employers from whom she has sought employment since her discharge from Defendant, or in the case of on-line employers, that she does not have addresses for them; and (ii) identify each employer with whom she interviewed.

D.  As to Interrogatory 10, on or before September 30, 2013, Plaintiff shall (i) identify any unemployment benefits she has received since May 28, 2009; (ii) provide dates and hours of employment at UMass and Mutual of Omaha; and (iii) provide a statement of wages and compensation received from Mutual of Omaha.

4.  That part of Defendants' motion seeking costs and expenses in bringing the motion to strike and compel (Docket #18) is denied without prejudice to Defendants renewing said motion should the Plaintiff fail to comply with the terms of this Order.

5.  That part of the Plaintiff's motion seeking to conduct the hearing on her motion for protective orders *in camera* (Docket #23) is denied.


/s/David H. Hennessy_____
David H. Hennessy
United States Magistrate Judge