UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORMA RUIZ aka NORMA FONTAIN, </br>     Plaintiff, | ) </br> ) </br> ) | |
| v. | ) </br> ) | CIVIL ACTION </br> NO. 12-cv-40069-TSH |
| THE PRINCIPAL FINANCIAL GROUP d/b/a </br> PRINCIPAL LIFE INSURANCE COMPANY </br> RICHARD VAN LIEW, MICHAEL BENBENK, </br> DICK MULLEN AND DOES 1 THROUGH 10, </br>     Defendants. </br> _____ | ) </br> ) </br> ) </br> ) </br> ) </br> ) | |

ORDER
December 10, 2013

Hennessy, M.J.

Pursuant to 28 U.S.C. § 636(b)(1)(B), and orders of referral (Dockets #44, 50), a number of motions were referred to me for a ruling. On the basis of the submissions of the parties, I addressed some of these in an Order (Document #51) dated November 13, 2013. What remained were the following three motions: (1) Plaintiff's Motion for Enlargement of Time to Conduct Discovery (Document #33); (2) Motion for Fed. R. Civ. P. 37 Sanctions of the Defendants, Principal Financial Group, Richard Van Liew, Michael Benbenek and Dick Mullen (Document #39); and, (3) Plaintiff's Judicial Notice and Notice to the Court in re: Deposition (Document #45). These were the subject of a hearing on December 5, 2013 at which Plaintiff appeared *pro se* and Defendants appeared through counsel.

In ruling on the three motions, I rely on the following chronology:

05/08/12     Plaintiff, proceeding *pro se,* filed a Complaint in state court (Document #19-2).

05/20/12     Defendants removed the case to this Court.

1

| | |
|---|---|
| 10/10/12 | District Judge Hillman entered a Scheduling Order (Docket #10). Plaintiff appeared *pro se*. |
| 12/12/12 | At a status conference on this date, Plaintiff advised the Court that she believed that she had retained counsel, but need additional time to confirm (Docket #11). |
| 02/01/13 | Attorney Maria Rivera Ortiz filed an appearance on behalf of Plaintiff (Document #12). |
| 02/01/13 | At status conference on this date, District Judge Hillman advised the parties that if they needed relief from the deadlines in the Scheduling Order, they should file the appropriate motion (Docket #13). |
| 02/04/13 | Defendants served written discovery requests on Plaintiff (Documents #19-3, 19-4). |
| 05/14/13 | Defendants noticed Plaintiff's deposition for June 11, 2013 (Document #19-7) |
| 06/11/13 | Plaintiff served written responses to Defendants' February 4, 2013 discovery requests (Documents #19-5, 19-6). Plaintiff's deposition did not take place on June 11, 2013, as originally noticed. |
| 07/01/13 | Pursuant to the Scheduling Order (Docket #10), this date was the deadline by which requests for production of documents and interrogatories were to be served. Plaintiff did not serve any such discovery requests. |
| 07/26/13 | Citing deficiencies in Plaintiff's responses to Defendants' February discovery request, and a failure of Attorney Rivera Ortiz to follow through on agreements to supplement such responses, Defendants filed a motion to compel discovery from Plaintiff (Documents #18, 19). |
| 08/19/13 | Pursuant to the Scheduling Order (Docket #10), this was the deadline by which fact discovery was to be completed. Plaintiff had served no discovery requests. |
| 09/16/13 | Magistrate Judge Hennessy conducted a hearing on Defendants' motion to compel discovery (Docket #31). |
| 09/17/13 | Magistrate Judge Hennessy entered an order that, among other things, directed Plaintiff on or before September 30 to strike non-responsive matter from Plaintiff's responses to Defendants' February discovery request. The Court also ordered Plaintiff to attend her deposition on or before October 16, 2013. The Court denied Defendants' motion for costs and fees incurred in bringing the motion to compel, without prejudice to renew the motion for the same, if Plaintiff failed to comply with the September 17 order (Document #32). |

| | |
|---|---|
| 09/25/13 | Attorney Rivera Ortiz filed a motion for a 60-day enlargement of time to conduct discovery (Document #33). Defendants opposed granting such relief (Document #36). |
| 09/27/13 | Attorney Rivera Ortiz filed a motion to withdraw as Plaintiff's counsel, citing a breakdown in communications (Document #34). |
| 09/30/13 | The deadline for compliance with the directive in the September 17, 2013 Order that Plaintiff amend/supplement her responses to Defendants' February discovery requests passed without any compliance. |
| 10/10/13 | Plaintiff filed a *pro se* response to her attorney's motion to withdraw and sought, among other things, to proceed *pro se* (Document #38). |
| 10/11/13 | Plaintiff filed a *pro se* motion seeking to strike filings by Defendants, including the opposition to the motion for an enlargement of time. Plaintiff renewed her motion to proceed *pro se* (Document #41). |
| 10/15/13 | Plaintiff filed a *pro se* motion for sanctions in connection with the attempt by Defendants to proceed with Plaintiff's deposition on October 16, and to strike all motions filed by Defendants (Document #45). |
| 10/15/13 | District Judge Hillman granted attorney Rivera Ortiz's motion to withdraw as plaintiff's counsel (Docket #43). |
| 10/15/13 | The Court referred pending motions to Magistrate Judge Hennessy. |
| 11/06/13 | Magistrate Judge Hennessy issued an electronic order scheduling a hearing on the pending motions for November 15, 2013 in Boston (where the Court was on emergency duty). Notice was mailed to Plaintiff (Document #48). |
| 11/12/13 | Plaintiff filed a *pro se* and *ex parte* motion to postpone the hearing, an opposition to conducting proceedings in Boston, and a 60-day extension of time to engage counsel (Document #49). |
| 11/13/13 | Magistrate Judge Hennessy issued an order that, in part, continued the hearing to December 5, 2013 in Worcester, denied the motion for a 60-day extension of time to engage counsel, and advised Plaintiff that all pending deadlines and dates remained in effect (Document #51). |
| 12/5/13 | The Court conducted a hearing on the three motions identified in the first paragraph of this order (Docket #54). Plaintiff appeared *pro se*; Defendants appeared through counsel. |
| 12/16/13 | Expert discovery closes under Scheduling Order |

After careful consideration of the parties' written and oral arguments, it is ORDERED as follows:

**Plaintiff's Motion for Enlargement of Time to Conduct Discovery (Document #33) is Denied**.

The standard for an enlargement of time is set forth in Rule 6 of the Federal Rules of Civil Procedure.  In relevant part, Fed. R. Civ. P. 6(b)(1) provides: "the court may, for good cause, extend the time [for compliance with a deadline] … on motion made after the time has expired if the party failed to act because of excusable neglect."  Plaintiff offers a number of reasons for seeking an extension of time some three months after the deadline for serving requests for documents and interrogatories, and five weeks after fact discovery closed.  In the Court's view, these reasons, alone or in the aggregate, fail to satisfy the standards for good cause or excusable neglect.  Compare, Dimmitt v. Ockenfels, 407 F.3d 21, 24 (1st Cir. 2005) quoting Pioneer Inv. Servs. Co. v. Brunswick Associates, Ltd., 507 U.S. 380, 392 (1993) ("counsels' inattention or carelessness, such as a failure to consult or to abide by an unambiguous court procedural rule, normally does not constitute "excusable neglect") and Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1042, 1048 (8th Cir. 2010) (attorney being "occupied with other hearings does not constitute excusable neglect"), with Jenkins v. Commonwealth Land Title Ins. Co., 95 F.3d 791 (9th Cir. 1996) (good cause existed where the attorney was lead counsel in another case involving twenty-one parties in state court set for trial in near future, and the attorney had submitted declarations indicating opposing counsel refused to stipulate to an extension).

With regard to Plaintiff's reasons for seeking an enlargement of time outside the deadlines set by the Court, she makes several arguments, the first of which is that she was proceeding *pro se* and did not have experience in civil litigation (or what she characterizes as the

complexity of the applicable law).  However, this argument overlooks several factors, including: Plaintiff had the benefit of the assistance of counsel from February 1 until October 15, 2013; there was only a four-month period before the close of fact discovery during which Plaintiff was without counsel; Plaintiff commenced this action *pro se*; and, her various *pro se* filings demonstrate that she understands how to draft and file motions.  At a minimum, deadlines – for document requests and interrogatories, and for all fact discovery – passed at a time when Plaintiff had both the benefit of counsel and the ability to file *pro se* a motion for an extension of time. [1]

    Second, Plaintiff claims that the deadlines are unfair because the Joint Stipulation proposing the Scheduling Order deadlines (Document #8) was prepared by counsel for the Defendants.  The suggestion in this claim is that Plaintiff was not equipped to address and/or assess the reasonableness of the deadlines.  However, this claim too fails because Judge Hillman expressly told Attorney Rivera Ortiz on her first day in the case that if she needed an extension of time beyond the deadlines (which had been set before she appeared for Plaintiff) to file a motion.  She failed to do so until three months after the passing of the deadline for document discovery and interrogatories, and five weeks after the close of all fact discovery.

    Third, Attorney Rivera Ortiz claims that at the same time that discovery was to be taken, she was in the process of opening a law practice, engaging staff and organizing her office.  There is no question that each of these matters requires the attention and time of Attorney Rivera Ortiz, but, as the authorities cited above show, they cannot serve to excuse compliance with this

---

[1] It is also relevant to the determination of this motion that after attorney Rivera Ortiz moved to withdraw from the case, Plaintiff moved twice in her papers to proceed *pro se* (Documents #38, 41).  And, at the December 5, 2013 hearing, Plaintiff admitted that in the two months she has been without counsel and allegedly trying to secure counsel, she had met with only one attorney about possibly handling her case, and spoke on the phone with another about arranging a meeting.  As the Court noted at the hearing, these efforts are underwhelming.

Court's deadlines or, in the alternative, the simple expedient of filing a motion to extend the deadlines. See Hawks, 591 F.3d at 1048. The First Circuit has recognized, "[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters that they are handling or suffer the consequences." Stonkus v. City of Brockton School Dept., 322 F.3d 97 (1st Cir. 2003) quoting Pinero Schroeder v. FNMA, 574 F.2d 1117, 1118 (1st Cir. 1978). That is true here. In sum, this Court is not convinced that the situation was such that Attorney Rivera Ortiz had no choice but to miss deadlines and not file a timely motion to enlarge the time.

Lastly, Plaintiff claims that Plaintiff herself was working full-time and had serious medical issues. Those reasons may explain why Plaintiff herself did not comply with deadlines, but it ignores the fact that Plaintiff had counsel for the better part of the year and for the entire time discovery was to be conducted. Accordingly, this reason is found wanting.

This is not a case of good cause and excusable neglect; instead, it is one of simple neglect. The record shows Plaintiff failed to exercise even a modicum of diligence in pursuing this case. No discovery -- none at all -- was taken by Plaintiff (whether by her counsel or as a *pro se* litigant, which is how Plaintiff chose to commence this action) in the year the Scheduling Order was pending. And neither Plaintiff nor her attorney resorted to the simple expedient of a timely extension of the deadlines. The motion is denied.

**Defendants' Motion for Rule 37 Sanctions (Document #40) is Allowed in Part and Denied in Part**.

Defendants submit a motion to sanction Plaintiff under Fed. R. Civ. P. 37 for her failure to comply with the Court's September 17, 2013 Order. The record shows that Plaintiff failed to comply with any directive in the September 17, 2013 Order. It also shows that despite this Court's Order, neither Attorney Rivera Ortiz nor Plaintiff *pro se*, sought relief from the Order or

otherwise conferred with counsel for the Defendants about obtaining an extension of time to comply.  In the Court's view, this record of non-compliance is inexcusable.  Through no fault of their own, Defendants have been hampered in their ability to obtain discovery, conduct Plaintiff's deposition and otherwise prepare a defense to this case.

Fed. R. Civ. P. 37(b)(2)(A), authorizes a court to impose sanctions for a failure to obey a discovery order, and lists a number of sanctions the court may consider.  Defendants recommend many of these sanctions as appropriate in this case, renew their motion for the costs and fees incurred in bringing the motion to compel, and seek costs and fees incurred in bringing the motion for sanctions (Document #40, pp. 9-13).  Exercising the broad discretion afforded to this Court, each of Defendants' recommendations as to appropriate sanctions are addressed:

a) I will allow Defendants' request that at any hearing or other proceeding in this matter, including trial, Plaintiff be prohibited from relying upon and/or offering in evidence any document that has not been produced, or is not in the Defendants' possession, custody or control, as of the date of the motion for sanctions, October 10, 2013.

b) I will allow Defendants' request to strike all portions of Plaintiff's responses to Defendants' request for documents that do not either (1) interpose an objection to the request; or (2) expressly address the information sought in the request.  This includes Plaintiff's responses to Request Numbers 4, 5, 6, 7, 8, 9, 10, 12, 13, 18, 19, 20, 47 and 48.  As discussed at the December 5, 2013 hearing, Defendants shall file with the Court, and serve on Plaintiff, a copy of Plaintiff's responses to Defendants' February discovery requests highlighting the portion of the response that they propose should be stricken because it does not comply with (1) or (2) above.  Plaintiff shall file any objection to Defendants' proposal in three business days from Plaintiff's receipt thereof.

c) I will allow Defendants' request to bar Plaintiff from introducing at any hearing or other proceeding in this matter, including trial, any evidence of lost earnings, subject to the following limitation: Plaintiff may offer evidence regarding lost earnings to the extent that Defendants have in their possession, custody or control documents Plaintiff proposes to offer, or documents allowing Defendants to challenge or otherwise test Plaintiff's proffered evidence of lost earnings.

d) I will allow Defendants' request to bar Plaintiff from introducing at any hearing or other proceeding in this matter, including trial, any evidence of emotional distress or damages associated therewith, subject to the following limitation: Plaintiff may offer evidence regarding emotional distress or damages associated therewith, to the extent that Defendants have in their possession, custody or control documents Plaintiff proposes to offer, or documents allowing Defendants to challenge or otherwise test Plaintiff's proffered evidence of emotional distress or damages associated therewith.

e) I will deny Defendants' request to prohibit Plaintiff from calling as a witness at any hearing or other proceeding in this matter, including trial, any witness incompletely identified in Plaintiff's response to Interrogatory 1, or for whom the summary of the anticipated testimony of such witness is incomplete or absent altogether, if such witness is (1) a Defendant in the case;  (2) an employee of a Defendant; or (3) is otherwise in the control of a Defendant. I will also deny Defendants' request as to any witness who is identifiable, and as to whom the subject matter of the anticipated testimony is identifiable, from Plaintiff's response to Interrogatory 1.  I will allow Defendants' request as to any other witness whose identity, contact information and/or anticipated testimony is incompletely described (or not described at all) in Interrogatory 1 and whose identity or anticipated testimony is therefore unidentifiable.

f) I will allow Defendants' request to prohibit Plaintiff from introducing any evidence of "unlawful discrimination," "harassment," and/or "retaliation" at the trial, or any other hearing or proceeding on this matter, subject to the following limitation:  to the extent Defendants are on notice or have knowledge regarding the behavior and/or action that Plaintiff references (for example, if Plaintiff had filed a complaint with the Human Resources Department of a corporate Defendant while employed by it and described in the complaint the conduct or behavior, or otherwise reported the conduct or behavior to an employee of a corporate Defendant, or described the conduct or behavior in the MCAD or other court filing), Plaintiff may offer evidence of such conduct or behavior at any hearing or other proceeding in this matter, including trial.

g) Because Plaintiff has failed to obey the September 17, 2013 Order, I will allow Defendants' request for reimbursement of their reasonable expenses, including attorney's fees, pursuant to Fed. R. Civ. P. 37(b)(2)(C), incurred in filing the motion to compel and the motion for sanctions, unless at a hearing to be held, the failure was substantially justified or other circumstances make an award of expenses unjust.  To determine the amount of reasonable expenses, and to determine who bears the responsibility for the payment of those expenses, *i.e.*, whether it is Plaintiff, or her attorney, Ms. Rivera Ortiz, or both, I will issue a separate Order to Show Cause and hold a hearing on this discrete matter.

**With respect to the as of yet unscheduled, but pending deposition of Plaintiff, it shall be completed on or before Friday, January 10, 2014**.

As was discussed at the December 5, 2013 hearing, Defendants' counsel and Plaintiff, or Plaintiff's counsel if Plaintiff retains counsel, will work together to schedule the deposition on or before January 10, 2014.  On the date the parties select, Plaintiff's deposition shall begin in Worcester at 1:00 p.m. (or at such other time as the parties agree), at a location designated by the Defendants.  If the deposition is not completed that day, it shall be completed the following day either in Boston or in Worcester at a location designated by the Defendants.  If in Worcester, Plaintiff shall compensate Defendants' counsel for the time required for counsel to travel to and from Worcester and her office.

## CONCLUSION

Based on the foregoing, I order that:  Plaintiff's Motion for Enlargement of Time to Conduct Discovery (Document #33) is DENIED; the Motion for Fed. R. Civ. P. 37 Sanctions of the Defendants, Principal Financial Group, Richard Van Liew, Michael Benbenek and Dick Mullen (Document #39) be ALLOWED in part and DENIED in part; and, Plaintiff's Judicial Notice and Notice to the Court in re: Deposition (Document #45) be DENIED. [2]

*/s/David H. Hennessy*
David H. Hennessy
United States Magistrate Judge

---

[2]  The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(a), any party who objects to this written order must serve and file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this order.