# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| NORMA RUIZ aka NORMA FONTAIN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 12-cv-40069-TSH** |
| THE PRINCIPAL FINANCIAL GROUP d/b/a | ) | |
| PRINCIPAL LIFE INSURANCE COMPANY, | ) | |
| RICHARD VAN LIEW, MICHAEL BENBENK, | ) | |
| DICK MULLEN AND DOES 1 THROUGH 10, | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER
### January 7, 2014

Hennessy, M.J.

Pursuant to 28 U.S.C. § 636(b)(1)(A), and an order of referral (Docket #62), I make this ruling on Plaintiff's Notice of Motion and Motion for Protective Order to Stay Deposition and to Stay Discovery Pursuant to Fed. R. Civ. P. 26(c); 30(d); Fed. R. Civ. P. 26.2(a) and Fed. R. Civ. P. 26.2(1)(A)(B)(C)(2)(A)(B)(c); and Renewed Motion for Relief from Deposition Date (Document #84). I rely also on the response to same filed by Defendants (Document #85).

Defendants originally scheduled Plaintiff's deposition for June 2013. Plaintiff refused to attend her deposition, causing Defendants to file a motion to compel her attendance (Document #18). I allowed the motion and ordered Plaintiff to appear for her deposition by mid-October (Document #32). Plaintiff again failed to appear. At the December 5, 2013 hearing, I informed Plaintiff that she must appear for her deposition before January 10, 2014 (Docket #54), and my written order confirmed the same (Document #55). Plaintiff has offered varying excuses for her failure to appear, whether it was job-related, health-related, or due to her not having counsel. At

this late date, several months after the close of discovery, I will not accept any more excuses. More than a month ago I gave Plaintiff an additional thirty days from which to schedule her deposition with Defendants' counsel.  On December 10, 2013, Plaintiff sent Defendants' counsel an e-mail selecting January 8, 2014 as a convenient date for her deposition (Document #85-2). Accordingly, she must appear on the date she chose.  I deny Plaintiff's motion.[1]

Plaintiff is cautioned that if she fails to appear for her deposition, she will likely suffer sanctions.  Such sanctions could include payment of Defendants' reasonable expenses, including attorney's fees, for her failure to be deposed, see Fed. R. Civ. P. 30(g); and other sanctions for her failure to obey my December 10, 2013 Order, see Fed. R. Civ. P. 37(b)(2) for a list of possible sanctions, including the sanctions of dismissal of this action and finding Plaintiff in contempt of court.

## CONCLUSION

In light of the foregoing, I order that Plaintiff's motion for protective order, to set aside show cause order, etc. (Document #84) be DENIED.  Accordingly, Plaintiff is ordered to appear at her deposition on January 8, 2014 as scheduled.

/s/David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[1]  I note that Plaintiff's motion and Defendants' opposition were both filed today, January 7, 2014.  In their opposition filed early this afternoon, Defendants offered several dates over the following weeks within which to reschedule Plaintiff's deposition (Document #85, p.2).  In response, a member of my staff left two detailed phone messages with Plaintiff in an unsuccessful attempt to ascertain her availability on those dates.  Because Plaintiff did respond in the two hours afforded her by my staff, and because the deposition is scheduled to happen tomorrow morning, I am unwilling to modify my December 10, 2013 Order at this late date.