# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORMA RUIZ aka NORMA FONTAIN, )<br>                Plaintiff,    )<br>                            )<br>     v.                           )<br>                            )<br>THE PRINCIPAL FINANCIAL GROUP d/b/a )<br>PRINCIPAL LIFE INSURANCE COMPANY, )<br>RICHARD VAN LIEW, MICHAEL BENBENK, )<br>DICK MULLEN AND DOES 1 THROUGH 10, )<br>                Defendants.    )<br>_____) | CIVIL ACTION<br>NO. 12-cv-40069-TSH |

### ORDER ON DEFENDANTS' TWO MOTIONS FOR RULE 37 SANCTIONS
### January 22, 2014

Hennessy, M.J.

Pursuant to 28 U.S.C. § 636(b)(1)(A), and orders of referral (Dockets #27, 44), this matter was originally referred to me for a ruling on two motions filed by Defendants: a motion to compel (Document #18), and a motion for sanctions (Document #39).[1]

Previously, I ruled on both motions (Documents #32, 51, 55), but deferred on one component of the relief sought in both motions: reasonable expenses, including attorney's fees, incurred in bringing each motion. The motion to compel led to a September 17, 2013 Order that set deadlines for Plaintiff to comply with certain discovery obligations and denied the request for reasonable expenses, without prejudice to Defendants to renew the request should Plaintiff fail to abide by the Order. (Document #32). The motion for sanctions, precipitated by Plaintiff's failure to comply with the September 17 Order, led to my December 10, 2013 Order imposing Rule 37(b)(2)(A) sanctions. (Document #55). As to that motion, I did not rule on imposing

---

[1] Subsequently, District Judge Hillman referred this matter to me for all pretrial and dispositive motions. (Docket #62).

1

expenses because Plaintiff largely blamed the failure to comply on her former attorney, Maria Rivera-Ortiz ("Rivera-Ortiz"), who had withdrawn from the case. To determine whether the sanction of payment of expenses should be ordered, and, if so, who should bear the cost, I ordered Rivera-Ortiz to attend a show cause hearing on December 19, 2013. (Document #56). Defendants' two motions, insofar as they seek reimbursement of reasonable expenses, are now ripe for adjudication. For the reasons that follow, Defendants' request for reimbursement of expenses incurred in filing the motion to compel (Document #18) is denied, and Defendants' request for reimbursement of expenses incurred in filing the motion for sanctions (Document #39) is denied.

## RELEVANT FACTS

The relevant factual background may be divided into two parts: the public record and a sealed record. The sealed record was created during a show cause hearing and in subsequent filings by Plaintiff and Attorney Rivera-Ortiz (Documents #82, #88). At that hearing, in essence, Plaintiff and Attorney Rivera-Ortiz blamed one another for the lapses in producing discovery and abiding by the September 17 Order. When it became apparent that privileged attorney-client communications were needed to decide whether to impose the sanction of reasonable expenses, I held an *in camera* proceeding that included testimony from Rivera-Ortiz, documents from Plaintiff and Rivera-Ortiz, and Plaintiff's unsworn statements.[2] The facts comprising the sealed record and my conclusions based on those facts only are the subject of a separate document,

---

[2] I excused Defendants' counsel and the gallery to preserve the confidentiality of the privileged communications. Accordingly, all such communications remain confidential and are addressed in a separate document, filed under seal, which recites the relevant facts upon which I base my decision herein. When the *in camera* hearing was concluded, Defendants' counsel and the public were permitted to return and the hearing resumed.

"Sealed Factual Findings Relating to Defendants' Motions Pursuant to Fed. R. Civ. P. 37," filed today.

The other part of the relevant factual background, the public record, is set forth herein. It includes the following chronology which was set out in, and relied upon by me to support, the December 10 Order imposing non-financial sanctions (Document #32):[3]

| | |
|---|---|
| 05/08/12 | Plaintiff, proceeding *pro se*, filed a Complaint in state court (Document #19-2). |
| 05/20/12 | Defendants removed the case to this Court. |
| 10/10/12 | District Judge Hillman entered a Scheduling Order (Docket #10). Plaintiff appeared *pro se*. |
| 12/12/12 | At a status conference on this date, Plaintiff advised the Court that she believed that she had retained counsel, but needed additional time to confirm (Docket #11). |
| 02/01/13 | Rivera-Ortiz filed an appearance on behalf of Plaintiff (Document #12). |
| 02/01/13 | At a status conference on this date, Judge Hillman advised the parties that if they needed relief from the deadlines in the Scheduling Order, they should file the appropriate motion (Docket #13). |
| 02/04/13 | Defendants served written discovery requests on Plaintiff (Documents #19-3, 19-4). |
| 05/14/13 | Defendants noticed Plaintiff's deposition for June 11, 2013 (Document #19-7). |
| 06/03/13 | Plaintiff served written responses to Defendants' February 4, 2013 discovery requests (Documents #19-5, 19-6). |
| 06/11/13 | Plaintiff's deposition was scheduled, but did not happen, because Plaintiff refused to travel to Boston from Worcester. |
| 07/01/13 | Pursuant to the Scheduling Order (Docket #10), this date was the deadline by which requests for production of documents and interrogatories were to be served. Plaintiff did not serve any such discovery requests. |
| 07/26/13 | Citing deficiencies in Plaintiff's responses to Defendants' February discovery request, and a failure of Rivera-Ortiz to follow through on agreements to |

---

[3] The public record also includes statements at the September 16, December 5 and 19 hearings that are included below.

| | |
|---|---|
| | supplement such responses, Defendants filed a motion to compel discovery from Plaintiff (Documents #18, 19). |
| 08/19/13 | Pursuant to the Scheduling Order (Docket #10), this was the deadline by which fact discovery was to be completed. |
| 09/16/13 | Magistrate Judge Hennessy conducted a hearing on Defendants' motion to compel discovery (Docket #31). |
| 09/17/13 | Magistrate Judge Hennessy entered an order that, among other things, directed Plaintiff on or before September 30 to supplement and strike non-responsive matter from Plaintiff's responses to Defendants' February discovery requests. The Court also ordered Plaintiff to attend her deposition on or before October 16, 2013. The Court denied Defendants' motion for costs and fees incurred in bringing the motion to compel, without prejudice to renew the motion for the same, if Plaintiff failed to comply with the September 17 Order (Document #32). |
| 09/25/13 | Rivera-Ortiz filed a motion for a 60-day enlargement of time to conduct discovery (Document #33). Defendants opposed granting such relief (Document #36). |
| 09/27/13 | Rivera-Ortiz filed a motion to withdraw as Plaintiff's counsel, citing a breakdown in communications (Document #34). |
| 09/30/13 | The deadline for compliance with the directive in the September 17, 2013 Order that Plaintiff amend/supplement her responses to Defendants' February discovery requests passed without any compliance. |
| 10/10/13 | Plaintiff filed a *pro se* response to her attorney's motion to withdraw and sought, among other things, to proceed *pro se* (Document #38). |
| 10/11/13 | Plaintiff filed a *pro se* motion seeking to strike filings by Defendants, including the opposition to the motion for an enlargement of time. Plaintiff renewed her motion to proceed *pro se* (Document #41). |
| 10/15/13 | Plaintiff filed a *pro se* motion for sanctions in connection with the attempt by Defendants to proceed with Plaintiff's deposition on October 16, and to strike all motions filed by Defendants (Document #45). |
| 10/15/13 | Judge Hillman granted Rivera-Ortiz's motion to withdraw as Plaintiff's counsel (Docket #43). |
| 10/15/13 | The Court referred pending motions to Magistrate Judge Hennessy. |

| | |
|---|---|
| 11/06/13 | Magistrate Judge Hennessy issued an electronic order scheduling a hearing on the pending motions for November 15, 2013 in Boston (where the Court was on emergency duty). Notice was mailed to Plaintiff (Document #48). |
| 11/12/13 | Plaintiff filed a *pro se* and *ex parte* motion to postpone the hearing, an opposition to conducting proceedings in Boston, and a 60-day extension of time to engage counsel (Document #49). |
| 11/13/13 | Magistrate Judge Hennessy issued an order that, in part, continued the hearing to December 5, 2013 in Worcester, denied the motion for a 60-day extension of time to engage counsel, and advised Plaintiff that all pending deadlines and dates remained in effect (Document #51). |
| 12/5/13 | The Court conducted a hearing on the three motions identified in the first paragraph of this Order (Docket #54). Plaintiff appeared *pro se*; Defendants appeared through counsel. |

The following recent events are also a relevant part of the chronology:

| | |
|---|---|
| 12/10/13 | Order issued that, among other things, allowed in part Defendants' request for sanctions. The sanctions limited the proof on which Plaintiff could rely to matters for which Plaintiff had produced discovery or of which Defendants were already aware, and scheduled a show cause hearing to determine whether or not to impose expenses (Document #55). |
| 12/19/13 | Show cause hearing held at which Plaintiff appeared *pro se* and Rivera-Ortiz appeared through counsel. Defendants' counsel also attended the public portion of the hearing. |

In addition to this chronology, relevant, non-confidential information was developed at the hearings in this case. At the September 16, 2013 hearing on Defendants' motion to compel, Plaintiff said her deposition needed to occur in Worcester because of her demanding job responsibilities and her not wanting her current employer to learn of the instant litigation. With respect to Plaintiff's failure to respond to the written discovery requests, Rivera-Ortiz stated that, beyond what she produced to Defendants before Defendants' motion to compel, the responsive documents and information were in Plaintiff's exclusive possession, custody and control, and remained there. In hopes of putting this case back on the schedule Judge Hillman had issued nearly a year earlier, I issued the September 17, 2013 Order (Document #32) which directed

Plaintiff to supplement discovery she had already provided, and to provide additional discovery by September 30, 2013, and to appear for her deposition on or before October 16, 2013. I denied Defendants' request for reimbursement of expenses incurred in bringing the motion to compel, but did so without prejudice to renew the request for such relief if Plaintiff failed to comply with that Order. (Id.).

At the December 5, 2013 hearing on Defendants' motion for sanctions for Plaintiff's failure to comply with the September 17 Order (Document #39, with supporting memorandum of law at Document #40), Plaintiff, proceeding *pro se*, repeatedly told the Court she was unprepared and unable to argue the motion for sanctions because she had not received the motion for sanctions before the hearing date. I find this statement of her reason to be incredible because the docket shows Plaintiff, *pro se*, filed and signed an opposition to the motion for sanctions. (Document #41). Plaintiff also claimed that she left her entire case in Rivera-Ortiz's hands and that she only later learned that Rivera-Ortiz was "dysfunctional." At the conclusion of the hearing, I granted-in-part, and denied-in-part, Defendants' prayers for relief. Seeking to fashion a "just order," among other things, I prohibited Plaintiff from offering or relying upon documents or information that Plaintiff had failed to produce in response to Defendants' discovery requests, unless Defendants already possessed such information or had access to such information.

Finally, at the show cause hearing on December 19, Rivera-Ortiz, through counsel, reported that none of the information sought in the motion to compel was within her possession, custody, or control. Counsel for Rivera-Ortiz also argued that, as discovery progressed, Rivera-Ortiz made "best efforts" to get the required information and that, on many occasions, Rivera-Ortiz sought extensions of time from Defendants. When asked, Defendants' counsel remembered a number of requests from Rivera-Ortiz in June and July 2013 to extend the time in

which supplemental discovery and Plaintiff's deposition were to be completed. Moreover, when asked, Plaintiff represented, as she did on December 5, that she would only need two to four weeks to retain new counsel.

## DISCUSSION

The narrow question before the court is whether, based upon the foregoing factual background and the sealed record, Plaintiff and/or her former counsel, Rivera-Ortiz, should be sanctioned with paying reasonable expenses for the motion to compel and the motion for sanctions for the failure to comply with the September 17, 2013 Order. The standard by which the facts should be judged is set forth in two separate sections of Fed. R. Civ. P. 37, one corresponding to the motion to compel discovery, the other for failure to comply with a court order. I address each below.

1.  The Motion to Compel (Document #18)

    In relevant part, Rule 37 provides:

    If the motion [to compel] is granted … the court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … or the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, … unless … other circumstances make an award of expenses unjust.

See Fed. R. Civ. P. 37(a)(5).

The rule was amended and broadened in 1970 in an attempt to encourage extrajudicial discovery with a minimum of court intervention. 8B Charles Alan Wright et al., Federal Practice and Procedure §2288 (2010). The Committee Note to the 1970 amendment provided in part that while the rule is mandatory, discretion remains with the court: "[A] necessary flexibility is maintained, since the court retains the power to find that other circumstances make an award of expenses unjust." Proposed Amendments to the Federal Rules of Civil Procedure Relating to

Discovery, 48 F.R.D. 487, 540 (1969). A party who resists discovery is "substantially justified" in withholding discovery if there is a "'genuine dispute' or 'if reasonable people could differ as to [the appropriateness of the contested action].'" Pierce v. Underwood, 487 U.S. 552, 565 (1988); see also, Frazier v. Southeastern Pennsylvania Transp. Auth., 161 F.R.D. 309, 314 (E.D. Pa. 1995) (court did not award fees given the seriousness of the issue in dispute).

As grounds for their Rule 37(a)(5) motion, Defendants point to efforts they made to obtain discovery without court action, including extensions of time for compliance, to which they agreed, and unsuccessful Rule 37 conferences. It is abundantly clear that Plaintiff failed to provide or supplement discovery in accordance with the federal discovery rules and any agreements between the parties, and Plaintiff refused to appear for her deposition. Nevertheless, I deny the motion for reasonable expenses in bringing the motion to compel because I find other circumstances make an award of expenses unjust on both Rivera-Ortiz and Plaintiff.

As to Rivera-Ortiz, the record, including sealed communications to which I refer generically, shows that Rivera-Ortiz made appropriate and diligent efforts to obtain records that were in the possession or control of her client so that she could produce them. These are documents that Rivera-Ortiz could not generate herself: for instance, medical records, paystubs, unemployment records and tax returns. She also made appropriate efforts to obtain her client's cooperation in being deposed. When those efforts failed, she sought from Defendants' counsel more time to comply, and succeeding in getting more time, attempted to comply. Rivera-Ortiz could not produce documents she did not possess or control, nor could she effectively force her client's deposition without her client's cooperation. Under the circumstances, to sanction Rivera-Ortiz with expenses would not be just.

Though a much closer call, I reach the same conclusion as to Plaintiff.  It is clear from the filings in this case and the hearings, that Plaintiff was uncooperative with her attorney in providing discovery and appearing for her deposition.  However, there is at least some credible evidence in the record that legitimate concerns, such as her job responsibilities and possible health issues (although the late-blooming claim of health issues is less clear), in some way factored into her lack of cooperation.[4]  This evidence, coupled with the fact that Plaintiff is not an attorney and lacks an understanding of the responsibilities of a litigant to provide discovery, persuade this court that awarding reasonable expenses in bringing the motion to compel would be unjust.

2.     The Motion for Sanctions (Document #39)

As a consequence of Plaintiff's failure to comply with the September 17, 2013 Order, Defendants moved for sanctions, including payment of reasonable expenses in bringing the motion for sanctions, pursuant to Fed. R. Civ. P. 37(b)(2)(C).  Rule 37(b) provides for sanctions for failure to obey discovery orders.  8B Charles Alan Wright et al., Federal Practice and Procedure §2289.  Among other things, it enumerates a non-exclusive list of "just orders" a court may issue for the failure "to obey an order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).  These include orders that range from "prohibiting the disobedient party from … introducing designated matters in evidence" to "dismissing the action in whole or in part."  Id. The rule also contains a provision regarding the award of expenses and fees similar to Rule 37(a)(5) (discussed supra), except that Rule 37(b)(2) applies in situations where, as here, there

---

[4] At best, the reason for Plaintiff's refusal to be deposed in Boston is confusing.  Documents and the recollections of both Rivera-Ortiz and Defendants' counsel indicate that Plaintiff was concerned about taking time from work and her employer learning of this lawsuit.  The public record does not support a claim that Plaintiff's health precluded her from traveling to Boston.

has already been an order compelling discovery. 8B Charles Alan Wright et al., Federal Practice and Procedure §2289. It provides:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

See Fed.R.Civ.P. 37(b)(2)(C). Like Rule 37(a), the imposition of sanctions under Rule 37(b), are left to the discretion of the trial court. National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639, 642 (1976); see also, Liew v. Breen, 640 F.2d 1046, 1050 (9th Cir. 1981) (among the factors considered by the trial court, "willfulness" need not be present in order to impose sanctions, but a good faith dispute concerning a discovery question might, in the proper case, constitute "substantial justification"). The litany of sanctions set forth in Rule 37 is intended to prompt a party to respond, so that the other discovery rules will have their intended effect. 8B Charles Alan Wright et al., Federal Practice and Procedure § 2281. While I recognize there are only a limited set of circumstances that would make the award of expenses unjust, see, Ins. Recovery Grp., Inc. v. Connolly, - F. Supp. 2d -, 2013 WL 5512996 (D. Mass. 2013) and cases cited, the unusual circumstances here, as supported more fully in the sealed record, take this matter outside the general rule. It is not entirely clear that Rivera-Ortiz and Plaintiff lacked good faith that usually makes an award of sanctions just. See, Chudacoff v. Univ. Med. Ctr., 2013 WL 1737201 at 3 (D. Nev. 2013) (awarding reimbursement of reasonable expenses where defendants, represented by counsel, did not comply in good faith with the court's discovery order).

      Therefore, I deny Defendants' motion as to Rivera-Ortiz. There is no evidence to suggest that she advised Plaintiff not to comply with the September 17, 2013 Order, and the sealed record is consistent with the evidence on the public record that throughout her representation of

Plaintiff, Rivera-Ortiz made reasonable efforts to comply with discovery and to secure her client's cooperation with providing discovery and appearing for her deposition. Because she remained counsel of record until her motion to withdraw was granted on October 15, 2013, I do believe that she could have moved for relief from the September 17, 2013 Order. However, I also recognize facts under seal that show she did not abandon Plaintiff, but instead worked to ensure compliance with the September 17 Order. In addition, I recognize, as shown in the sealed record, that there was a breakdown in the attorney-client relationship at the time such a motion for relief would have been filed. Under the circumstances, imposing the sanction of reasonable expenses Defendants incurred in bringing the motion for sanctions would be unjust.

I reach the same conclusion as to Plaintiff. Here, it is undisputed that, for the most part, Plaintiff failed to comply with the September 17, 2013 Order.[5] Moreover, the sealed record shows that as the deadline for compliance with that Order approached, Plaintiff was aware of her obligation to collect and produce documents; yet, she did not produce them. Further, Plaintiff also failed to seek relief from the Order, or otherwise confer with counsel for the Defendants, about obtaining an extension of time to comply, when it was clear her attorney intended to withdraw (and the record is rife with evidence of Plaintiff's knowledge and ability to file motions). Finally, even after the deadline for complying with the September 17, 2013 Order passed, Plaintiff made no effort to provide discovery that was in her possession or control, or to otherwise show good faith. These circumstances could easily support an order to pay expenses incurred in bringing the motion for sanctions. This was a situation where Defendants were

---

[5] At the December 19, 2013 hearing, Rivera-Ortiz represented that she had served versions of Plaintiff's responses to the discovery requests with the narrative stricken. One of Defendants' bases for their motion to compel was the narrative nature of some of Plaintiff's responses. Because the documents were exchanged between the parties and not filed with the Court, I rely on attorney Rivera-Ortiz's representation that she and Plaintiff made some compliance with my September 17, 2013 Order.

chasing Plaintiff for information (from discovery requests and her deposition), with much of that information still missing to date. The chase led to the motion to compel (Document #18) that resulted in my ordering Plaintiff to provide responsive documents and supplemental answers to Defendants' first set of interrogatories on or before September 30, 2013, and to be deposed on or before October 16. (Document #32). When Plaintiff failed to comply with my order, the chase resumed in the form of a motion for sanctions (Document #39) which in turn led to a show cause hearing to determine whether Plaintiff or her former counsel bore responsibility for Plaintiff's failures to comply.

While Plaintiff may have been better served if Rivera-Ortiz had moved for relief from the September 17 Order (thus, possibly avoiding the motion for sanctions), the central reason for my denying the sanction of expenses is my view that the sanctions already imposed for Plaintiff's lack of cooperation in discovery – both with respect to producing documents in her possession, custody and control, and her adamant refusal to be deposed except on her terms (and even that has not happened as of the date of this order) – vindicates the objective of Rule 37 to provide for enforcement of the obligations of parties to provide discovery when ordered to do so.

Indeed, on December 10, 2013, the Court fashioned an order tailored to address Plaintiff's disregard of her obligations and of the Court. By way of an overview, the Order prohibited Plaintiff from offering or relying upon documents or information that Plaintiff had failed to produce in response to Defendants' discovery requests, unless Defendants already had such information or access to such information. (Document #55). For example, it prohibited Plaintiff from calling a witness as to whom she failed to provide a name, contact information or a summary of anticipated testimony, unless the witness was a defendant, an employee of Defendants or otherwise in their control. (<u>Id.</u>, pars. a-f). In fashioning this Order, the Court was

influenced by the evidence of Plaintiff's disregard for: (1) the discovery rules; (2) her agreements with Defendants hammered out by Rivera-Ortiz; (3) the Court's scheduling order; and (4) the adverse impact her lack of compliance and cooperation have had on "the just, speedy and inexpensive determination" of this case.  See Fed. R. Civ. P. 1.

Enough has been said.  Based on the sealed and public record, I think a "just order" does not demand a sanction of reasonable expenses.

## CONCLUSION

Defendants' motions for reimbursement of reasonable expenses incurred in bringing (1) Defendants' Motion to Compel (Document #18) and, (2) Defendants' Motion for Fed. R. Civ. P. 37 Sanctions (Document #39) are both DENIED. [6]

>                             */s/David H. Hennessy*
>                             David H. Hennessy
>                             United States Magistrate Judge

---

[6] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(a), any party who objects to this written order must serve and file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this order.