UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORMA RUIZ, a/k/a NORMA FONTAIN )<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE PRINCIPAL FINANCIAL GROUP d/b/a )<br>PRINCIPAL LIFE INSURANCE COMPANY, )<br>et al., )<br>Defendants. )<br>) | **CIVIL ACTION<br>NO. 12-cv-40069-TSH** |

**ORDERS ON PLAINTIFF'S MOTION FILED AT DOCUMENT #61**
**January 27, 2014**

**Hennessy, M.J.**

Pursuant to 28 U.S.C. § 636(b)(1)(A), and an order of referral (Docket #62), this matter was referred to me for a ruling on Plaintiff's [Ex Parte][1] Motion for Reconsideration; to Set Aside Order to Show Cause of December 10, 2014 (sic); Motion to Partially Strike Order of December 10, 2013; Renewed Motion for Enlargement of Time to Conduct Discovery Due to Ineffective Assistance of Counsel and Renewed Motion for Extension of Time to Retain New Counsel (Document #61). This motion has several subparts, all of which incorporate Plaintiff's argument that she had "never seen or heard of" the motion in Docket 40 before the December 5 hearing, so it was unfair for the Court to expect her to argue its merits.[2] This argument is wrong and is belied by Plaintiff's own pleadings. Plaintiff filed a pleading (Document #41) wherein she

---

[1] At the December 5, 2013 hearing, Plaintiff could not identify any reason why the filing was made *ex parte* and she agreed that it should be seen by Defendants' counsel, who was then given a copy of the motion.

[2] Document #40 is a memorandum of law filed contemporaneously with and in support of Defendants' Motion for Sanctions, filed at Document #39.

1

argued against the motion for sanctions, to wit: "Documents 36, 37, 39, and 40 filed by Tracy M. Waugh should be stricken due to Malicious and vexatious (sic) Prosecution." (See, Document #41, p.4). Also, most of Plaintiff's arguments are based on her claim that the ineffective assistance of counsel provided by attorney Maria Rivera-Ortiz caused Plaintiff's problems and led to the December 10, 2013 Order (Document #55). Having had the benefit of presiding over the show cause hearing on December 19, 2013, and in reliance on the findings made in the public record (Document #118) and sealed record (Document #119), I have reconsidered the December 10, 2013 Order (Document #55) and now reach the same conclusion as I did then: that the sanctions listed in the Order are just. Those two issues aside, I address each of the subparts of Plaintiff's motion (Document #61). First, Plaintiff's request that the Order to Show Cause (Document #56) be recalled is MOOT. Second, Plaintiff's motion to strike the December 10, 2013 Order (Document #55) and Defendants' memorandum of law (Document #40) is DENIED. Third, Plaintiff's motion for an extension of time to retain counsel is DENIED, but as the Court ruled in its November 13, 2013 Order (Document #51), Plaintiff always retains the right to hire counsel whenever she chooses. Plaintiff elected to proceed *pro se* in this matter (in filing the Complaint *pro se*, and when she moved for *pro se* status in Document #38). And, fourth, Plaintiff's motion for more time for both parties to conduct discovery is DENIED.

So ordered.

*/s/ David H. Hennessy*
David H. Hennessy
United States Magistrate Judge

2