UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NORMA RUIZ, a/k/a NORMA FONTAIN )<br>               Plaintiff, )<br>                            )<br>      v.                      )<br>                            )<br>THE PRINCIPAL FINANCIAL GROUP d/b/a )<br>PRINCIPAL LIFE INSURANCE COMPANY, )<br>et al.,                                )<br>               Defendants. )<br>                               ) | **CIVIL ACTION**<br>**NO. 12-cv-40069-TSH** |

**REPORT AND RECOMMENDATION ON**
**DEFENDANTS' SECOND MOTION FOR SANCTIONS**
February 3, 2014

**Hennessy, M.J.**

Pursuant to 28 U.S.C. § 636(b)(1)(B), and an order of referral (Docket #62), this matter was referred to me for a ruling on Defendants' Second Motion for Sanctions (Document #103). Plaintiff filed an opposition (Document #133), Defendants filed a reply (Document #139), and the Court conducted a January 31, 2014 hearing attended by counsel for Defendants. Inexplicably, Plaintiff did not attend the hearing, or answer the telephone when the Deputy Clerk called to inquire into her absence. This matter is now ripe for adjudication.

RELEVANT FACTS

After five court orders and three Rule 37 motions filed by Defendants, Plaintiff has still failed to appear for her deposition. This latest Rule 37 motion, upon which this order is based, comes on the heels of Plaintiff's failure to appear for her deposition on a date that she chose (see 12/10/14 entry on the chronology below). Because of the protracted nature of the journey to this point, the following chronology offers the most useful guide of the facts relative to Defendants' unsuccessful efforts to depose the Plaintiff:

1

| | |
|---|---|
| 05/14/13 | Defendants noticed Plaintiff's deposition for June 11, 2013 (Document #19-7). |
| 06/11/13 | Plaintiff's deposition was scheduled, but did not happen, because Plaintiff's written discovery responses remained outstanding. (Document #46). |
| 07/03/13 | Defendants send re-notice regarding Plaintiff's deposition for July 30, 2013. (Document #46-2). |
| 07/10/13 | In response to Plaintiff's scheduling issues, Defendants' counsel re-scheduled Plaintiff's deposition. (Document #46). Defendants' counsel served a second re-notice regarding Plaintiff's deposition for August 7, 2013. (Document #46-3). Thereafter, further issue arose, and Plaintiff's deposition did not go forward. (Document #46). |
| 09/17/13 | Court ordered: "Plaintiff shall be deposed in Worcester on October 9 at 1:00 p.m. or October 16 at 1:00 p.m., at a location designated by Defendants." (Document #32). |
| 09/17/13 | Defendants' counsel served a third re-notice regarding Plaintiff's deposition for October 16, 2013. (Document #46-4). |
| 09/26/13 | Attorney Rivera-Ortiz responded on September 26, 2013 via e-mail, advising that Plaintiff would be available for her deposition until 7:00 p.m. on October 16, 2013. (Document #46-6). |
| 10/15/13 | Defendants' counsel sent a confirming electronic communication regarding the October 16, 2013 scheduled deposition to Plaintiff's counsel and copied Plaintiff, as she was appearing *pro se*. (Document #46-8). |
| 10/15/13 | Plaintiff responded, indicating that she did not plan to appear for her deposition, citing the outstanding Motion to Withdraw filed by her attorney. (Document #46-9). |
| 12/05/13 | Court ordered the parties to complete Plaintiff's deposition by January 10, 2013. (Document #54). |
| 12/05/13 | Defendants' counsel gave Plaintiff multiple, possible dates for her deposition, and asked Plaintiff to select the most convenient date for her. (Document #85-1). |
| 12/10/13 | Court ordered: "With respect to the as of yet unscheduled, but pending deposition of Plaintiff, it shall be completed on or before Friday, January 10, 2014." (Document #55). |
| 12/10/13 | Plaintiff selected January 8, 2014 as her deposition date. (Document #85-2). |

| | |
|---|---|
| 12/10/13 | Defendants issued a formal Fourth Re-Notice of Deposition scheduling Plaintiff's deposition for January 8, 2014. (Document #85-3). |
| 01/02/14 | Defendants sought to confirm Plaintiff's January 8, 2014 deposition. Plaintiff responded that she was no longer available on that date because her employer would not allow her to take the day off from work. (Document #85-4). |
| 01/02/14 | Plaintiff e-mailed Defendants' counsel that she would not be available for her deposition any time before the Court ordered January 10, 2014 deadline, because her employer's year-end did not occur until January 10, 2014, and she had been asked to work overtime through that date. (Document #85-4). |
| 01/02/14 | Defendants' counsel e-mailed Plaintiff that Defendants would not agree to any further rescheduling of Plaintiff's deposition beyond January 10, 2014, without further order from the Court. (Document #85-5). |
| 01/06/14 | Plaintiff filed Motion for Order Changing Date for Plaintiff's Deposition. (Document #80). |
| 01/06/14 | The Court denied Plaintiff's Motion to Change Date, and explicitly ordered: "Plaintiff shall appear for her deposition on or before January 10, 2014." (Document #83). |
| 01/07/14 | Plaintiff filed a Motion for Protective Order to Stay Deposition. (Document #84). |
| 01/07/14 | Defendants filed a Response to Motion for Protective Order. (Document #85). |
| 01/07/14 | Court issued an order denying Plaintiff's Motion for Protective Order. (Document #86). The Court expressly ordered Plaintiff to appear at her deposition on January 8, 2014, as scheduled, and cautioned Plaintiff of possible sanctions if she failed to appear, *to wit*: |
| | > Plaintiff is cautioned that if she fails to appear for her deposition, she will likely suffer sanctions. Such sanctions could include payment of Defendants' reasonable expenses, including attorney's fees, for her failure to be deposed, see Fed. R. Civ. P. 30(g); and other sanctions for her failure to obey my December 10, 2013 Order, see Fed. R. Civ. P. 37(b)(2) for a list of possible sanctions, including the sanctions of dismissal of this action and finding Plaintiff in contempt of court. |
| 01/08/14 | Plaintiff did not appear for her deposition. Plaintiff never contacted Defendants' counsel regarding her failure to appear. (Document #104). |
| 01/31/14 | Hearing on Defendants' Motion for Sanctions. Plaintiff did not attend the hearing and did not answer her telephone when the Courtroom Clerk called to inquire into her absence. |

3

DISCUSSION

The court has broad authority to dismiss a case for the failure to obey pre-trial orders. Fed. R. Civ. P. 16(f); Robson v. Hallenbeck, 81 F.3d 1, 2 (1st Cir. 1996). There are both substantive and procedural dimensions to the decision to dismiss a civil case. See Malloy v. WM Specialty Mortgage LLC, et al., 512 F.3d 23, 26 (1st Cir. 2008). Substantive considerations include "the severity of the violation, the legitimacy of the party's excuses, repetition of violations, the deliberateness *vel non* of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." Id. (quoting Robson, 81 F.3d at 2-3). Procedural considerations include whether the offending party was given an opportunity to explain its non-compliance or argue for a lesser penalty, and whether the offending party was given sufficient notice that sanctions may be imposed. Robson, 81 F.3d at 3; Vallejo v. Santini-Padilla, 607 F.3d 1, 9 (1st Cir. 2010) ("[C]ounsel's disregard of a prior warning from the court exacerbates the offense, and the lack of warning sometimes mitigates it.").

**1. Substantive Considerations**

Applied here, the substantive considerations support dismissal with prejudice. The record shows that Plaintiff's violations of the Court's orders have been unequivocal, repeated and deliberate. By the time Plaintiff actually failed to appear for her deposition on January 8, 2014, the Court had issued four orders directing Plaintiff to be deposed on or before January 10. Two orders were issued more than four weeks before the deposition (on December 5 directly to Plaintiff at the hearing, and in the December 10, 2013 Order), and gave Plaintiff adequate and timely notice of the deadline for her deposition. Finally, the December 5 and December 10 orders were issued in the context of other Rule 37 sanctions that the Court imposed for Plaintiff's separate failures to comply with reasonable and fundamental discovery requests. In context, it is

inconceivable that Plaintiff could have inferred that the Court was willing to tolerate further disregard for the discovery orders in this case.  The Court issued the two remaining orders in response to Plaintiff's last-minute motions (on January 6 and January 7) seeking to move the January 8 deposition date to dates that suited her schedule.  In ruling on one, the Court directed that "Plaintiff shall appear for her deposition on or before January 10, 2014."  See Document #85.  In ruling on the other, the Court expressly ordered Plaintiff to appear for her deposition and warned that she faced sanctions for failing to comply.  See Document #86. [1]

The record also shows prejudice to Defendants.  An important component of Plaintiff's case, which alleges discriminatory treatment in the workplace, is Plaintiff's account of what happened:  what was said, by whom, when; and what conduct supports her allegations of "unlawful discrimination," "harassment," and "retaliation."  Charged with answering such serious allegations, Defendants were entitled to a timely opportunity to depose Plaintiff and develop a defense to such allegations.  Plaintiff has thwarted Defendants' ability to defend this case.  Moreover, Plaintiff's misconduct needs to be assessed in context.  She repeatedly frustrated Defendants' attempts to take her deposition in June, July and August, then again in October and January when ordered by the Court to appear.  "Repeated disobedience of a scheduling order is inherently prejudicial, because … the preparation of the other parties nearly always results."  Robson, 81 F.3d at 4.  Here, it is especially pronounced where Defendants have been seeking to take Plaintiff's deposition for over six months, and her sworn statements are central to the allegations in the complaint.

---

[1]  Having filed such motions, Plaintiff's failure to exercise even a modicum of diligence in following-up with the Clerk's office on the Court's disposition of such motions is inexcusable.  For this reason, the Court discounts Plaintiff's claim that she did not receive timely notice of the Court's ruling on her eleventh-hour appeals.  A party cannot file last-minute motions and then complain that the timing of the motions prevented her from learning of the court's rulings.

The Court too has been prejudiced by Plaintiff's disobedience. In the last six months, the Court has spent considerable time and effort on the single objective of compelling Plaintiff to comply with fundamental discovery duties, taking the Court away from other important matters. Further aggravating the situation is the sheer volume of paper Plaintiff has filed since resuming *pro se* status on or about October 7, 2013.[2] The Court estimates that Plaintiff has filed not less than six inches of paper, all of which has required the Court's time and attention. The documents are rife with offensive, blatantly inaccurate, and gratuitous *ad hominem* attacks on Plaintiff's former attorney, Defense counsel, counsel for Plaintiff's former attorney and the Court.

As to the adequacy of lesser sanctions, the Court has tried such an escalating approach with Plaintiff. First, in response to Defendants' motion to compel, it simply ordered Plaintiff to comply with her discovery obligations and to be deposed by mid-October 2013. See September 17 Order (Document #32). When Plaintiff made virtually no attempt to comply – not even to provide documents that were in her possession, custody or control – the Court tried stronger medicine. It imposed sanctions tailored to Plaintiff's disobedience – in general terms prohibiting her from relying on or offering documents, information or evidence that she had failed to produce in discovery, unless Defendants knew independently of such documents, information or evidence. See December 10 Order (Document #55). Finally, in response to Plaintiff's motion to move the January 8, 2014 deposition at the last minute, the Court expressly ordered Plaintiff to appear and cautioned her that her failure to do so may result in sanctions, including dismissal of the action. See January 7, 2014 Order (Document #86). None of these lesser sanctions produced

---

[2] Plaintiff commenced this action as a *pro se* litigant and did not retain counsel until February 2013.

the slightest cooperation by Plaintiff. In such circumstances, a lesser sanction at this point would be futile.

Finally, the Court considers the legitimacy of Plaintiff's excuse. The reason Plaintiff proffered for not attending her deposition was that her employer's year end was January 10, 2014, and in connection with the year-end, her employer asked her to work overtime and would not allow her to take off time. The Court finds this excuse unpersuasive for a number of reasons.

First is the manner in which it Plaintiff raised her excuse. There is nothing in the record that indicates when Plaintiff's employer issued such a directive -- assuming her employer did. Putting that aside, once the directive had been given, Plaintiff did not initiate contact with Defendants nor did she file a timely motion with the Court. It would be expected that in the circumstances of this case, a party would have done so. However, here, the emails Defendants have produced as exhibits to their motion for sanctions show that it was Defendants, not Plaintiff, who initiated contact regarding the deposition. (See Documents #85-1 - #85-5). On January 2, 2014, they contacted Plaintiff merely to confirm that the deposition was on for the following week. Then and only then, did Plaintiff mention for the first time that she was not available to be deposed. What is equally remarkable is that Plaintiff was given every accommodation here. She was permitted to select the deposition date that was most convenient for her. That she herself did not alert Defendants, at a minimum, and the Court in a timely motion, suggests that her excuse is not legitimate.

Second, Plaintiff is employed by Mutual of Omaha, a Fortune 500 corporation. According to its annual filings, its year-end is December 31, not January 10. Because Plaintiff did not bother to appear in Court for a hearing on Defendants' motion for sanctions on January 31, 2014, the Court was denied the opportunity to resolve the apparent inconsistency between

7

Plaintiff's excuse and the fiscal reality. However, as the record stands, it is difficult to believe Plaintiff's excuse has any legitimacy.

Third, while Plaintiff has proffered the demands of her job as the reason for not being available to be deposed, on the very date of her scheduled deposition, January 8, 2014, Plaintiff in her *pro se* capacity caused a 15-page opposition, with 47 pages of exhibits, to be filed. (See Document #87). Plaintiff's claim that work demands prevented her from being available for a deposition is belied by the time and effort given to this and the voluminous other *pro se* filings. These include more than 50 pages of legal argument and more than 100 pages of exhibits filed during the period January 6 through January 8.

Fourth, Plaintiff has used employment as a reason for failing to comply with discovery, including appearing for her deposition in June, July, and August. This is simply improbable. Employers, especially Fortune 500 corporations, have liberal leave policies that allow for employees to be absent for illness and attending to personal matters, other than vacation. Putting Plaintiff's recalcitrance in context, it is simply incredible that in the last seven months, this Plaintiff could not have arranged for her absence from work for a single day to do something that is important: attend her deposition. After all, as noted above, Plaintiff has leveled serious allegations at her former employer; one would think that a person so injured would want the opportunity to tell her side of the story. It is not credible that Plaintiff could not get off the time to attend her deposition.

Lastly, this case is infected with a number of instances that call into question Plaintiff's character for truthfulness. The Court cites only a few such instances:

- Plaintiff repeatedly complained in filings that before the December 5, 2013 hearing, she had "never seen or heard of" Document 40, a memorandum of law filed with Defendants' first motion for sanctions. Her complaint is belied by her own filing, Document #41, in which she argued, "Documents 36, 37, 39 and 40

8

filed by Tracy Waugh should be stricken due to Malicious and vexatious Prosecution." See Document #41, p. 4.

- In an email submitted under seal due to its potentially attorney-client privileged status, Plaintiff suggested her former attorney misrepresent to the court why counsel missed a court-scheduled conference. Incidentally, this is the very excuse Plaintiff proffered for appearing late at the December 5, 2013 hearing.

- The January 7, 2014 Order indicates that in connection with Plaintiff's motion to move the date of the deposition, two detailed telephone messages were left with Plaintiff. See Document #86. Plaintiff in her opposition to the motion for sanctions asserts she never received these messages. In that regard, she stated that she is not able to make or receive personal calls during working hours. However, when Plaintiff failed to appear for the December 5, 2013 hearing at 10:00 a.m., the Court was able to reach Plaintiff by phone to alert her that the Court was waiting on her presence to convene the hearing.

- Plaintiff claims in her opposition to the motion for sanctions, that she had an agreement with Defendants to conduct Plaintiff's deposition on a date other than January 8, 2014. However, an email produced by counsel for Defendants shows that there was no such agreement. To the contrary, Defendants told Plaintiff that there could be no such agreement unless the Court granted relief from the January 10 deadline. See Document #85-5.

- Plaintiff's opposition to Defendants' motion for sanctions has annexed to it an exhibit that is passed off as a copy of Plaintiff's *ex parte* motion changing the date of Plaintiff's Deposition. See Document #133-3, p. 19. However, it contains a false date. The document bears a purported filing stamp of January 2, 2014. First, this is not the Court's official time stamp. Secondly, it is not the date on which the motion was filed; the motion was filed four days later on January 6, 2014. See Document #80 (containing the actual Clerk's Office time stamp). To appreciate how such a statement affects the case, consider Defendants' Document #140, a reply to Plaintiff's opposition to sanctions. At page 4, Defendants, believing the January 2, 2014 stamp to be genuine, and not a fraud, write "Plaintiff's Opposition indicates that she filed such Ex Parte Motion on that date," referring to January 2, 2014.[3]

- Plaintiff's representation that her job prevented her from complying with discovery in this case cannot be squared with the sheer volume of documents and motions Plaintiff had the time to file since resuming *pro se* status in October 2013.

---

[3] To add insult, it is the Plaintiff herself who claims that there was spoliation of documents and corruption. Apart from Plaintiff's fabricated document, the reason some filings did not appear on the docket is that Plaintiff filed them *ex parte*.

9

These matters call into serious question Plaintiff's character for telling the truth. Moreover, coupled with the circumstances that otherwise undermine the legitimacy of Plaintiff's excuse, and the other considerations, there is ample support to warrant dismissal with prejudice.

### 2. Procedural Considerations

There are procedural considerations – whether Plaintiff was given the opportunity to explain the reason for non-compliance and/or seek lesser sanctions, and whether she was warned of the prospect of sanctions – that independently support dismissal as well.

For example, the Court gave Plaintiff ample opportunity to explain her non-compliance, both in writing and in person. By Order dated January 22, 2014, the Court invited Plaintiff to file a response to Defendants' January 16, 2014 motion for sanctions by January 29, 2014, approximately two weeks after the motion had been filed. See Document #120. In the same Order, the Court scheduled the motion for a hearing. Id. Plaintiff filed a response with twenty-nine pages of exhibits. She did not bother to appear for the hearing.

Similarly, as discussed above, Plaintiff was given both implicit and explicit warnings about the failure to comply with discovery orders, including appearing for her deposition. Most pertinent is the Court's January 7 Order denying Plaintiff's application to move the date of her deposition. It stated: "Plaintiff is cautioned that if she fails to appear for her deposition, she will likely suffer sanctions. Such sanctions could include … the sanction of dismissal of this action." See Document #86.

### 3. Other Considerations

The Court finally includes in its calculus, other considerations that support dismissal with prejudice.

First, when Plaintiff failed to appear at the January 31, 2014 hearing on the motion for sanctions, the Court placed two telephone calls leaving detailed messages with Plaintiff. She failed to respond or appear. In the Court's view, this is just another instance of Plaintiff's complete disregard for the Court, the litigants and her responsibilities to both.

Second, on January 30, 2014, Plaintiff filed a motion to voluntarily dismiss this matter without a court order under Rule 41(a). Without addressing the merits of such a motion, Plaintiff filed it in direct contravention of this Court's January 22, 2014 Order that prohibited all "further filings in the case until further order of the Court." See Document #120. Again, this is one more example of Plaintiff's disregard for the Court's orders and the Court's need for "orderly processes … [to] manage their own affairs." Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003).

Third, in connection with the filing of the motion to voluntarily dismiss, Plaintiff had the motion filed in the Springfield session. Although the Court is without the benefit of Plaintiff's reason for filing in Springfield – because Plaintiff failed to appear for the January 31, 2014 hearing – the Court can only assume it was an attempt to end-run the Court's prohibition against further filings. Indeed, the Clerk's Office of the Worcester session has, in accordance with the Court's Order, refused to allow filings by Plaintiff.

Lastly, is Plaintiff's motion to voluntarily dismiss. (Document #136). It indicates, as does Plaintiff's behavior in general in this matter, that Plaintiff has no desire to litigate the merits of this case, and has never seriously approached her responsibilities as a litigant.

## CONCLUSION

For the foregoing reasons, I recommend that Defendants' second motion for sanctions (Document #103) be allowed. I also recommend that this case be dismissed with prejudice.[4]

                                                                          */s/ David H. Hennessy*
                                                                          David H. Hennessy
                                                                          United States Magistrate Judge

---

[4] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).